IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02708-WYD-KLM

USA,

      Plaintiff,

v.

NANCY D. BERRYMAN,
THE TEMPLE OF THE UNVEILED GOD, and
THE OFFICE OF THE OVERSEER OF DEDICATION TO ENLIGHTENMENT, and her
successors, a corporation sole,

      Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendant Berryman's **"Motion to Dismiss
Unverified Complaint an [sic] Affidavit of Truth pursuant to penalties of perjury, 28
USC 1746(1)"** [Docket No. 12; Filed November 28, 2011] and **"Petition to Dismiss with
Prejudice Wrong Venue & Jurisdiction"** [Docket No. 25; Filed January 11, 2012] (the
"Motions").  The Motions are referred to this Court for recommendation [## 13, 26].  Plaintiff
filed Responses in opposition to the Motions on December 15, 2011 [#11] and January 31,
2012 [#30], respectively.  Defendant Berryman did not submit a Reply in support of either
Motion.  The Court has reviewed the Motions, the Responses, the case file, and the
applicable law, and is sufficiently advised in the premises.  For the reasons stated below,
the Court respectfully **RECOMMENDS** that the Motions be **DENIED**.

## I. Summary of the Case

Plaintiff United States initiated this lawsuit on October 18, 2011 [#1].  The case arises from federal tax liens imposed against Defendant Berryman for her unpaid federal income tax liabilities for 1997, 1999, 2000, 2001, 2002, 2003, 2004, 2005, and 2006.  *See id.* at 4-6.  The purpose of the action is to reduce the federal tax assessments to judgment and to foreclose the federal tax liens on real property and water rights presumably owned by Defendant Berryman ("subject property").  *See id.*  Plaintiff asserts proper jurisdiction by this Court pursuant to 28 U.S.C. §§ 1331, 1340, and 1345, and to 26 U.S.C. §§ 7402 and 7403.  *Id.* at 1.  Plaintiff premises venue on 28 U.S.C. §§ 1391 and 1396, on the basis that the real property at issue is located within this District, and the tax liability giving rise to the foreclosure accrued in this District.  *Id.* at 1-2.  Plaintiff brings four claims for relief: 1) to reduce federal income tax assessments against Defendant Berryman to judgment; 2) that the subject property is owned by Defendant Berryman, on theories of nominee, alter ego, and constructive trust as to the two entity Defendants; 3) that any transfer of the subject property to the two entity Defendants by Defendant Berryman was fraudulent; and 4) to foreclose the federal tax liens encumbering the subject property against Defendant Berryman.  *See id.*

Defendant Berryman proceeds *pro se*, and no entry of appearance has been made on behalf of the two entity Defendants.  The Clerk of Court entered default pursuant to Fed. R. Civ. P. 55(a) against Defendant The Office of the Overseer of Dedication to Enlightenment ("Office") on January 10, 2012 [#24].  Defendant The Temple of the Unveiled God ("Temple") was served on November 27, 2011, and its answer was due on December 19, 2011 [#14].  To date, no answer or other response has been filed by counsel on behalf of Defendant Temple.

Defendant Berryman raises multiple undeveloped arguments in her first Motion to Dismiss.[1]  She believes that the Complaint is unsupported by any evidence, that she has no contract with Plaintiff (which she refers to as the "United States Corporation"), that the Internal Revenue Service is a debt collector and has not produced a verified tax assessment, and that enforcement of any lien is a function of "the Alcohol, Tobacco and Firearms Bureau, not the IRS." [#12] at 1.  She further asks the Court to dismiss Plaintiff's Complaint because there is nothing in writing indicating that the United States Attorney General or Chief Counsel of the IRS directed the initiation of this lawsuit, and that Plaintiff has no "collection authority." *Id.* at 2.  In her second Motion to Dismiss, Defendant Berryman asserts that the venue of the action is improper, and jurisdiction is lacking, because Plaintiff styled the caption of the Complaint "UNITED STATES DISTRICT COURT", as opposed to "District Court of the United States." *See* [#25].

## II.  Standards of Review

Defendant Berryman does not identify the Rule pursuant to which she brings her motions to dismiss.  Plaintiff construes the Motions as seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  The Court agrees that those Rules may be applicable, and recites the standards for each Rule below.

### A.    Rule 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it.  Dismissal of a federal claim for lack of subject-matter jurisdiction "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of

---

[1]  The Court is mindful that it must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

3

merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack.  When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true.  *Holt v. United States*, 46 F.2d 1000, 1002 (10th Cir. 1995).  When reviewing a factual attack on a complaint supported by affidavits or other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *Id.* at 1003.

**B.     Rule 12(b)(6)**

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations."  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible."  *Khalik v. United Air Lines*, – F.3d –, 2012 WL 364058, at *2 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged

misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).  That said, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden."  Khalik, 2012 WL 364058 at *3.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* (citation omitted).  As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949 (citation omitted).

## C.    *Pro Se* **Plaintiff's Filings**

Although the Court is mindful that it must construe the filings of a *pro se* litigant liberally, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's pleading] or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

**A.    Venue**

As an initial matter, the argument propounded in Defendant Berryman's second Motion regarding the use of capitalization in Plaintiff's pleadings is frivolous on its face, and the Court rejects it outright.  *See Ford v. Pryor*, 552 F.3d 1174, 1179 (10th Cir. 2008) (argument that summons did not identify taxpayer because his name was typed in all capital letters was "wholly frivolous"); *United States v. Luginbyhl*, No. 06-cr-0206-CVE, 2007 WL 2344911, at *1 (N.D. Okla. Aug. 16, 2007) (same, citing multiple Tenth Circuit cases).  In any event, Plaintiff is correct that Defendant Berryman waived any objection to venue by not raising the issue in her first Motion.  *Resp.*, [#30] at 2-3.  *See also Galvin v. McCarthy*, 545 F. Supp. 2d 1176, 1181 (D. Colo. 2008) (by filing first motion to dismiss "without simultaneously objecting to the allegedly improper venue, [litigant] waived any future objection to venue" (citing Fed. R. Civ. P. 12(g) and (h)(1))).

**B.    Subject Matter Jurisdiction**

"Congress vested in the district courts 'jurisdiction of any civil action arising under any Act of Congress providing for internal revenue.'"  *United States v. Christiansen*, 414 F. App'x 218, 220 (11th Cir. 2011) (citing 28 U.S.C. § 1340).  "[D]istrict courts have the right to order the sale of property encumbered by a tax lien, 26 U.S.C. § 7403(c), and 'to render such judgments and decrees as may be necessary or appropriate' to complete that sale, *id.* § 7402(a)."  *Id.*  Thus, the Court is satisfied that it may exercise subject matter jurisdiction over this lawsuit.

**C.    Authority to Collect Taxes**

Regarding the assertions raised in Defendant Berryman's first Motion, the Court agrees with Plaintiff's characterization of these arguments as typical of those raised by tax

protestors. *See, e.g., United States v. Springer*, 427 F. App'x 650, 652-53 (10th Cir. 2011) (recognizing tax protestor arguments challenging the tax collecting authority of the IRS as "patently frivolous"); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (rejecting jurisdictional tax-protester argument as "completely lacking in legal merit and patently frivolous"); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) ("For seventy-five years, the Supreme Court has recognized that the sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves; efforts to argue otherwise have been sanctioned as frivolous." (citations omitted)). The Court addresses Plaintiff's discernable primary arguments against the progression of this lawsuit as follows.

### 1.    Authority to Initiate the Lawsuit

Paragraph two of the Complaint states that the action is being commenced "at the direction of the Attorney General of the United States and with the authorization of the Chief Counsel of the Internal Revenue Service," thus countering Defendant Berryman's contention that there is nothing in writing indicating that the United States Attorney General or Chief Counsel of the IRS directed the initiation of this lawsuit. [#1] at 1. As an officer of the Court, counsel for Plaintiff is obligated to make truthful representations, and nothing in the record indicates that the Court should perceive some deceit on part of counsel for Plaintiff. *See United States v. Walters*, 638 F.2d 947, 951 (6th Cir. 1981) (determining that the United States Attorney is a delegate of the Attorney General).

### 2.    Authority to Notice and Enforce a Lien

Plaintiff contends that enforcement of any lien is a function of "the Alcohol, Tobacco and Firearms Bureau, not the IRS." [#12] at 1. However, Congress has authorized the Secretary of the Treasury or his or her delegate to file notices of federal tax liens, thus this

argument is without merit.   *See* 26 U.S.C. §§ 6323(a); 7401; 7701(a)(11)(B); 7701(a)(12)(A)(I); § 7803(a)(2); *e.g., Acevedo v. United States*, No. 4:08CV248 CDP, 2008 WL 2098129, at *2 (E.D. Mo. May 16, 2008) (same); *Fairchild v. I.R.S.*, 450 F. Supp. 2d 654, 659 (M.D. La. Aug. 1, 2006) ("The authority of IRS employees is derived from the entirety of the Internal Revenue Code (not just Subtitle E), Treasury Regulations and other redelegations of authority"); *United States v. Bodwell*, No. Civ. S-95-1906 LKK/GGH, 1996 WL 757285, at *5 n.7 (E.D. Cal. July 26, 1996) (Defendant's "argument that the suit is not authorized because 26 U.S.C. § 7401 is rooted in the Federal Regulations concerning the Bureau of Alcohol, Tobacco and Firearms has been flatly rejected by the Ninth Circuit" (citation omitted)).

### 3.    Lack of Evidence or Contract

Defendant Berryman contends that the Complaint is unsupported by any evidence, that she has no contract with Plaintiff (which she refers to as the "United States Corporation"), and that the Internal Revenue Service is a debt collector and has not produced a verified tax assessment.   [#12] at 1, 2.   The Court will construe these arguments as presented pursuant to Rule 12(b)(6).   Again, to survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations."   *Shero*, 510 F.3d at 1200 (citation omitted).

Review of the Complaint demonstrates to the Court that Plaintiff pleads a plausible entitlement to relief, thus dismissal pursuant to Rule 12(b)(6) would be improper.   *See Iqbal*, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.").   Accepting the well-pled allegations of Plaintiff's Complaint

as true (as the Court must in evaluating a Rule 12(b)(6) challenge), Plaintiff has asserted that tax assessments have been calculated as to Defendant Berryman ([#1] at 7), notice of the assessments and demands for payment have been issued to Defendant Berryman (*id.*), and tax liens have been recorded against Defendant Berryman (*id.* at 4-6).   On the basis of those assessments and liens, it is plausible, if not probable, that Plaintiff will be entitled to reduction of the liens to judgment and foreclosure of the subject property for satisfaction of the judgment.   *See, e.g., Sorenson v. O'Neill*, 73 F. App'x 341 (10th Cir. 2003) (holding that petitioners were subject to federal tax laws "just like everyone else who lives in the United States," and upholding enforcement of tax liens against petitioners); *United States v. D'Andrea*, No. 09-cv-01940-PAB-MJW, 2010 WL 3842807, (D. Colo. Aug. 31, 2010) (evaluating United States' claims to enforce tax liens and foreclose on property, and entering summary judgment in favor of United States); *United States v. Ledford*, No. 07-cv-01568-WYD-KMT, 2010 WL 749843 (D. Colo. Mar. 3, 2010) (order entering summary judgment in favor of United States, which reduced tax penalties and assessments to judgment and allowed foreclosure on subject property in satisfaction of judgment).   Of course, if the discovery process reveals facts disproving the allegations stated in Plaintiff's Complaint, Defendant Berryman's assertions may be revisited in the context of a motion for summary judgment.

## IV.  Conclusion

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that Defendant Berryman's **"Motion to Dismiss Unverified Complaint an [sic] Affidavit of Truth pursuant to penalties of perjury, 28 USC 1746(1)"** [Docket No. 12; Filed November 28, 2011] and **"Petition to Dismiss with Prejudice Wrong Venue & Jurisdiction"** [Docket No. 25; Filed January 11, 2012] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  February 15, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge