IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02708-WYD-KLM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

NANCY D. BERRYMAN,
THE TEMPLE OF THE UNVEILED GOD, and
THE OFFICE OF THE OVERSEER OF DEDICATION TO ENLIGHTENMENT, and her
successors, a corporation sole,

      Defendants.

---

**ORDER OVERRULING OBJECTION OF UNITED STATES
MAGISTRATE JUDGE'S MINUTE ORDER
AND
ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

I.    <u>INTRODUCTION</u>

      This matter is before the Court on the following three matters: (1) Defendant

Berryman's "Objection to Magistrate Judges' Ruling Regarding Necessity of Having the

Two Corporation Sole Represented by an Attorney" (ECF No. 36); (2) Defendant

Berryman's "Motion to Dismiss Unverified Complaint an [sic] Affidavit of Truth Pursuant

to Penalties of Perjury, 28 USC 1746(1)" (ECF No. 12); and (3) Defendant Berryman's

"Petition to Dismiss With Prejudice Wrong Venue & Jurisdiction" (ECF No. 25).

      As to the first matter—Defendant Berryman's Objection (ECF No. 36) to

Magistrate Judge Mix's minute order—for the reasons stated below, the objection is

overruled and Magistrate Judge Mix's minute order dated February 15, 2012 (ECF No. 37) is affirmed.

As to Defendant Berryman's two motions to dismiss (ECF Nos. 12 and 25), they were both referred to Magistrate Judge Mix for a Recommendation by Order of Reference dated October 21, 2011.   Magistrate Judge Mix issued a Recommendation on February 15, 2012, which is incorporated herein by reference.   *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.   Magistrate Judge Mix recommended therein that both of Defendant Berryman's motions to dismiss be denied.  (Recommendation at 1).   Magistrate Judge Mix advised the parties that they had fourteen (14) days to serve and file written, specific objections to the Recommendation. (*Id.* at 10.)   On March 5, 2012, Defendant Berryman filed an objection which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.   Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

II.     BACKGROUND

On October 18, 2011, Plaintiff United States of America brought this civil action against the Defendants to reduce federal income tax assessments to judgment and to foreclose federal tax liens on real property and water rights.   Plaintiff asserts proper jurisdiction by this Court pursuant to 28 U.S.C. §§ 1331, 1340, and 1345 and to 26 U.S.C. §§ 7402 and 7403.   Plaintiff states that venue is proper pursuant to 28 U.S.C. §§ 1391 and 1396 on the basis that the real property at issue is located within this District.

Plaintiff brings the following four claims for relief against the Defendants: (1) to reduce federal income tax assessments against Defendant Berryman to judgment; (2) that the subject property is owned by Defendant Berryman, on theories of nominee, alter ego, and constructive trust as to the two entity Defendants; (3) that any transfer of the subject property to the two entity Defendants by Defendant Berryman was fraudulent; and (4) to foreclose the federal tax liens encumbering the subject property against Defendant Berryman.

The real property that is the subject of this action is referred to as Parcel A and Parcel B. Parcel A is vacant land located in Larimer County, Colorado, and Parcel B is commonly referred to as 3295 Tunnel Road, Estes Park, CO 80517.

III.    DEFENDANT BERRYMAN'S OBJECTION TO MAGISTRATE JUDGE MIX'S FEBRUARY 10, 2012 MINUTE ORDER

On February 10, 2012, Magistrate Judge Mix entered a minute order, granting in part and denying in part, Defendant Berryman's "Motion for Leave to Permit Nancy Dell Berryman, Pro Se, Representing All Defendants to Appear Telephonically at February 15, 20120 Scheduling Conference" (ECF No. 32) ("the Motion"). In her minute order, Magistrate Mix concluded as follows:

> As an initial matter, the Court notes that Defendant Berryman may only represent herself in this proceeding, and may not represent the two entity Defendants. It is a long-standing rule that [an entity] must be represented by an attorney to appear in federal court," *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (footnote and citations omitted), and an entity cannot appear through a non-attorney business officer appearing *pro se*. *Harrison v. Wahatoyas*, LLC, 253 F.3d 552, 556 (10th Cir. 2001). Accordingly,

> IT IS HEREBY ORDERED that the Motion is
> GRANTED IN PART.   Defendant Berryman, representing
> herself only, may appear by telephone at the Scheduling
> Conference set for February 15, 2012, at 10:00 a.m. …

(ECF No. 35, Minute Order).

On February 14, 2012, Defendant Berryman filed her Rule 72 objection to

Magistrate Judge Mix's minute order, which is now pending before me.   Defendant

Berryman argues that because Defendants Temple of the Unveiled God ("Temple") and

the Office of the Overseer of Dedication to Enlightenment, and her Successors, a

Corporation Sole ("Dedication") are not typical business corporations, she may

represent them in federal court along with representing herself.

Since Plaintiff filed a timely objection, I must review Magistrate Judge Mix's

minute order to determine whether it is "clearly erroneous or contrary to law" since the

nature of the matter is nondispositive.   FED. R. CIV. P. 72(a).   "An order is clearly

erroneous when the reviewing court on the entire evidence is left with the definite and

firm conviction that a mistake has been made."   *Cook v. Rockwell Int'l Corp.*, 147

F.R.D. 237, 242 (D. Colo. 1993).

By way of background, the "corporation sole" is one if the least common forms of

corporate structure.   It concentrates powers in one office and is appealing to

hierarchical religions because it enables the external structure to match the internal

structure of the church.   *See* Gerstenblith, "Associational Structures of Religious

Organizations," in Religious Organizations in the United States: A Study of Identity,

Liberty, and the Law (Serritella et al. eds., 2006).   The corporation sole is the

incorporation of the office of the bishop of a local diocese.   The corporation sole's

property and powers are transferred on the resignation or death of the incumbent to successors in the office.   During vacancy of the office, the corporation remains in abeyance, its powers and properties subject to the administration of a properly appointed administrator of the office.   The corporation sole lacks the usual trappings of a corporation.   It does not have a board of directors, officers, stock, bylaws, official minutes, seal, or even a corporate name.   *See* Stokes & Pfeffer, Church and State in the United States 808–18 (1964); Dignan, A History of the Legal Incorporation of Catholic Church Property in the United States [1784–1932] (1935); Kauper, & Ellis, Religious Corporations and the Law, 71 Mich. L. Rev. 1499,1520–27 (1973).

Relevant to this matter, the Tenth Circuit has established that "an unlicensed layperson may only represent himself and not another individual or artificial entity before a district court or before us."   *Divine Church of God and Christ v. Taxation and Revenue Dept.*, 116 F.3d 1489 (Table), n.1 (10th Cir. 1997).   Furthermore, while 28 U.S.C. § 1654 guarantees one the right to proceed *pro se* in a civil action in federal court, "because *pro se* means to appear for one's self, [however] a person may not appear on another person's behalf in the other's cause . . . ."   *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299-1300 (10th Cir. 2011).

Turning to my analysis, I find that Magistrate Judge Mix's ruling that both Temple and Dedication must be represented by an attorney to appear in federal court was not clearly erroneous or contrary to law.   I agree with Magistrate Judge Mix that Temple and Dedication are separate entities and require an attorney to represent their interests in this action.   While Defendant Berryman may be the corporation sole representative,

"[t]he interests of a corporation and its principal frequently overlap but are not identical

in all respects.   Thus, requiring separate counsel for a corporation works as an

independent safeguard of its interests."   *Bowens v. South Carolina Atty. Gen. Office*,

2010 1506975, *2 (D.S.C. 2010).   After reviewing the record and relevant authority, I

am not left with a definite and firm conviction that a mistake has been made.

Accordingly, I overrule Defendant Berryman's objection to Magistrate Judge Mix's

minute order precluding Berryman from representing Temple or Dedication in this

action.   I find no error with this ruling.

IV.   RECOMMENDATION

As stated earlier, Magistrate Judge Mix recommends that Defendant Berryman's

motions to dismiss be denied.   (Recommendation at 1).   In her Recommendation,

Magistrate Judge Mix noted that Defendant Berryman "raises multiple undeveloped

arguments in her first motion to dismiss" including typical tax protestor arguments.

(Recommendation at 3).   Defendant Berryman asserts various contentions including

that

> the Complaint is unsupported by any evidence, that she has
> no contract with Plaintiff (which she refers to as the "United
> States Corporation"), that the Internal Revenue Service is a
> debt collector and has not produced a verified tax
> assessment, and that enforcement of any lien is a function of
> "the Alcohol, Tobacco and Firearms Bureau, not the IRS."

(Recommendation at 3).   In her second motion to dismiss, Defendant Berryman claims

that venue is improper "because Plaintiff styled the caption of the Complaint 'UNITED

STATES DISTRICT COURT', as opposed to 'District Court of the United States.'"

(Recommendation at 3).

A.    Standard of Review

Since Defendant Berryman fails to identify the rule she bases her motions to dismiss upon, Magistrate Judge Mix "construes the Motions as seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6)."   (Recommendation at 3).

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear.   *Todd Holding Co., Inc. v. Super Value Stores, Inc.*, 744 F. Supp. 1025, 1026 (D. Colo. 1990).   Thus, the court must satisfy itself of subject matter jurisdiction before proceeding to the merits of a claim.   *Gold v. Local 7 United Food and Commercial Workers Union*, 159 F.3d 1307, 1309-10 (10th Cir. 1998).   "[T]he burden is on the party claiming jurisdiction to show it by a preponderance of the evidence."   *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir.1994).

 "Mere conclusory allegations of jurisdiction are not enough."   *United States, ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1196, 1160 (10th Cir. 1999). Where a party moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the attack can be either a facial attack to the allegations of the complaint or a factual attack.   *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).   Where there is a facial attack, the court must look to the factual allegations of the Complaint.   *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971).   In a factual attack, the court may consider matters outside the pleadings, and the motion is not converted to a motion for summary judgment.   *Id.*; *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992).

Fed. R. Civ. P. 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6). The Court's inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"   *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, ___ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.   Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"   *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).   Furthermore, conclusory allegations are "not entitled to the assumption of truth."   *Id.* at 1950.

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true."   *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008).   Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible."   *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."   *Id.*   "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the

-8-

defendants of the actual grounds of the claim against them." *Id.* at 1248.   Additionally,

the Tenth Circuit has instructed that "the degree of specificity necessary to establish

plausibility and fair notice, and therefore the need to include sufficient factual

allegations, depends on context" and that whether a defendant receives fair notice

"depends on the type of case." *Id.*

> B.   <u>Venue</u>

First, Magistrate Judge Mix rejected as frivolous Defendant Berryman's argument

that venue is improper due to the Plaintiff's use of capitalization in its pleadings.   *See*

*Ford v. Pryor*, 552 F.3d 1174, 1179 (10th Cir. 2008) (argument that summons did not

identify taxpayer because his name was typed in all capital letters was "wholly

frivolous"); *United States v. Luginbyhl*, No. 06-cr-0206-CVE, 2007 WL 2344911, at *1

(N.D. Okla. Aug. 16, 2007) (same, citing multiple Tenth Circuit cases).

> C.   <u>Subject Matter Jurisdiction</u>

Second, Magistrate Judge Mix found that this Court has subject matter

jurisdiction over this matter.   "Congress vested in the district courts 'jurisdiction of any

civil action arising under any Act of Congress providing for internal revenue.'" *United*

*States v. Christiansen*, 414 F. App'x 218, 220 (11th Cir. 2011) (citing 28 U.S.C. § 1340).

"[D]istrict courts have the right to order the sale of property encumbered by a tax lien, 26

U.S.C. § 7403(c), and 'to render such judgments and decrees as may be necessary or

appropriate' to complete that sale, id. § 7402(a)." *Id.*

> D.   <u>Authority to Collect Taxes</u>

Finally, Magistrate Judge Mix rejected Defendant Berryman's arguments

concluding that Plaintiff has both the authority to initiate this action against her and to

file notices of federal tax liens and enforce those liens.   Magistrate Judge Mix further

stated that pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff has adequately asserted that

tax assessments have been calculated as to Defendant Berryman, and notice of the

assessments and demands for payment have been issued to Berryman.   Finally, tax

liens have been recorded against Defendant Berryman.   Thus, Magistrate Judge Mix

found that "[o]n the basis of those assessments and liens, it is plausible, if not probable,

that Plaintiff will be entitled to reduction of the liens to judgment and foreclosure of the

subject property for satisfaction of the judgment."   (Recommendation at 9).

IV.   <u>DEFENDANT BERRYMAN'S OBJECTIONS</u>

On March 5, 2012, Defendant Berryman filed timely objections to Magistrate

Judge Mix's Recommendation.   As a preliminary matter, I point out that it was difficult

to determine what Defendant Berryman's specific objections to Magistrate Judge Mix's

Recommendation were.   The party filing objections must specifically identify those

findings or recommendations to which the objections are being made.   The District

Court need not consider frivolous, conclusive or general objections.   Further, at least

one court has stated that arguments not provided to the attention of the magistrate

judge will not be considered in connection with review of nondispositive motions.

*Claytor v. Computer Associates Intern., Inc.*, 211 F.R.D. 665, 667 (D. Kan. 2003).   "The

court reiterates that this is not a de novo review permitting a 'second shot' based on

new arguments."   *Id.* (citing *City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300, 302

(D. Kan. 2000)).

Here, Defendant Berryman's objections consist of numerous conclusory

statements without any supporting argument or evidence.   Defendant Berryman

spends considerable time reiterating her assertion that Defendants Temple and Dedication are "not corporations in the sense of the typical corporation."   (Objection at 1, ECF No. 42).   "If a fiction can only represent a fiction, this appears to be a real dilemma as it could then be inferred that the Soles are fictions and the same as other Corporations which they are not.   They are not fictions, and neither is Nancy-Dell: Berryman, Sui Juris."   (Objection at 4).

Defendant Berryman further claims that the IRS is "perpetrating mail fraud" in that it is giving "the false impression that the IRS is a lawful bureau, department or agency within the U.S. Department of the treasury. …   As pointed out the IRS is not an agency of the U.S. Government."   (Objection at 7).   As Magistrate Judge Mix noted, these tax protestor arguments have been rejected as meritless and frivolous by many courts including the Tenth Circuit.   *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).   "[C]ourts . . . are not required to expend judicial resources endlessly entertaining repetitive arguments."   *Id.*   Accordingly, I summarily overrule any objections relating to tax protestor arguments that have already been rejected by a multitude of courts.

Defendant Berryman's remaining objections include the following continued assertions: (1) that the United States is a federal corporation; (2) the IRS is a debt collector and a corporation, not an agency of the United States' government; (3) that "capitalizing respondent [sic] name would make her a corporation" (Objection at 11); and (4) venue is improper because the "UNITED STATES DISTRICT COURT IS FOR ALIEN RESIDENTS AND brings in a foreign state in violation of the 11th amendment" (Objection at 11).

I find little merit to Defendant Berryman's objections.   Magistrate Judge Mix specifically addressed and rejected Defendant Berryman's arguments that Jurisdiction and venue are proper and that the Plaintiff had the authority to bring this action against her.   Nowhere in the objections does Defendant Berryman claim that Magistrate Judge Mix's analysis and conclusions were made in error.   She simply re-hashes the same contentions that Magistrate Judge Mix rejected or raises new challenges that were not before Magistrate Judge Mix.   Accordingly, I find that Magistrate Judge Mix's Recommendation is well-reasoned and proper.   To the extent that Defendant Berryman asserts any other objections, they are overruled as general, conclusory statements without citing any proper support.

V.   <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that Defendant Berryman's "Objection to Magistrate Judges' Ruling Regarding Necessity of Having the Two Corporation Sole Represented by an Attorney" (ECF No. 36) is **OVERRULED**, and Magistrate Judge Mix's February 10, 2012 minute order (ECF No. 35) is **AFFIRMED**.   It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge Mix (ECF No. 40) is **AFFIRMED AND ADOPTED**.   In accordance therewith, it is

ORDERED that Defendant Berryman's "Motion to Dismiss Unverified Complaint an [sic] Affidavit of Truth Pursuant to Penalties of Perjury, 28 USC 1746(1)" (ECF No. 12); and (3) Defendant Berryman's "Petition to Dismiss With Prejudice Wrong Venue & Jurisdiction" (ECF No. 25) are **DENIED.**

-12-

Dated:   August 8, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge