IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02708-WYD-KLM

USA,

    Plaintiff,

v.

NANCY D. BERRYMAN,
THE TEMPLE OF THE UNVEILED GOD, and
THE OFFICE OF THE OVERSEER OF DEDICATION TO ENLIGHTENMENT, and her successors, a corporation sole,

    Defendants.
_____

**ORDER**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Answer to United States' Motion for Summary Judgment Against Nancy D. Berryman and for Default Judg Judgment Against the Temple of the Unveiled God and the Office of the Overseer of Dedication to Enlightenment, and Her Successors, a Corporation Sole, and for Sanctions Pursuant to FRCP 37, by Means of a Compulsory Counterclaim Pursuant to FRCP 13(a) and Addition of Parties FRCP, Rule 20(2)(A)** [sic] [Docket No. 58; Filed November 21, 2013] (the "Response"). On October 15, 2012, Plaintiff filed the Motion for Summary Judgment Against Nancy D. Berryman and for Default Judgment Against the Temple of the Unveiled God and the Office of the Overseer of Dedication to Enlightenment, and Her Successors, a Corporation Sole, and for Sanctions Pursuant to FRCP 37 (the "Motion"). On November 21, 2013, Defendant Nancy D. Berryman ("Berryman") filed the Response

[#58]. On December 5, 2013, Plaintiff filed a Reply [#59], although it is titled Response to Defendant Nancy D. Berryman's Motion for Enlargement of Time to Object to United States' Summary Judgment Motion, the same title as Docket No. 55. In spite of the erroneous title, the accompanying text to the Reply [#59] does address the issues raised by Defendant Berryman in the Response [#58].

However, there appears to be some confusion over whether Defendant Berryman's Response is merely a Response to the Motion or also an assertion of counterclaims against the United States of America, Lee Routledge, and Ginger L. Wray, the latter two of whom are not Plaintiffs in this case. Examining the Response, the Court notes that the vast majority of the twelve "claims" Defendant Berryman asserts are merely arguments against Plaintiff's Motion and cannot be fairly read to assert a claim against any person or entity. The remaining claims, although also mainly arguments against imposition of summary judgment against her, appear to rely on conclusory allegations of fraud on the part of Plaintiff and the other proposed counter defendants.

The deadline for joinder of parties and amendment of pleadings passed on February 29, 2012. *Scheduling Order* [#39] at 16. This deadline included the assertion of counterclaims and addition of counter defendants. The vast majority of issues raised by Defendant Berryman as "claims" are items that could have been raised long ago in this rapidly-aging case. The discovery period is closed and the dispositive motions deadline has passed. In order to amend her pleadings at this late stage, Defendant Berryman must follow Fed. R. Civ. P. 16(b) and 15. *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (stating that *pro se* litigants must follow the same procedural rules that govern other litigants). In the Response, Defendant Berryman simply (and erroneously) presumes that

she can raise counterclaims and add counter defendants at this stage of the proceedings without permission of the Court.

Accordingly,

IT IS HEREBY **ORDERED** that Defendant Berryman's proposed counterclaims are **not** accepted for filing with the Court.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall remove each Counter Claimant and each Counter Defendant from the electronic docket.

IT IS FURTHER **ORDERED** that the Response [#58] is accepted **only** as a Response to Plaintiff's Motion [#52] and not as an amendment of the pleadings.

IT IS FURTHER **ORDERED** that, due to the confusion regarding the Response filed by Defendant Berryman, Plaintiff may, if it so desires, file a Supplemental Reply of **no more than five pages on or before March 8, 2013**.

Dated:  February 22, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge