IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02708-WYD-KLM

USA,

    Plaintiff,

v.

NANCY D. BERRYMAN,
THE TEMPLE OF THE UNVEILED GOD, and
THE OFFICE OF THE OVERSEER OF DEDICATION TO ENLIGHTENMENT, and her successors, a corporation sole,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant Nancy D. Berryman's ("Berryman") **Motion to Strike All of Plaintiff's Pleadings Pursuant to Federal Rules of Civil Procedure, Rule 12(f) Nunc Pro Tunc and Motion to Set for Hearing of Motion to Strike** [Docket No. 73; Filed May 22, 2013] (the "Motion"). On May 20, 2013, Defendant Berryman filed an identical motion, which the Court denied on May 21, 2013. *See Motion to Strike* [#69]; *Minute Order* [#71]. Unlike the original Motion to Strike, however, the present Motion includes a separate Memorandum of Law in Support of Motion to Strike All Plaintiff's Pleadings Pursuant to Federal Rules of Civil Procedure Rule 12(f) Nunc Pro Tunc, and Motion to Set for Hearing of Motion to Strike [#75] (the "Memorandum"). In light of the Memorandum, which appears to have been inadvertently not filed with the original Motion to Strike, the Court reexamines the merits of Defendant Berryman's request.

    As before, Defendant Berryman appears to ask the Court to strike the Complaint [#1; Filed October 18, 2011] because it "contains no Affidavit and Complaint by a competent fact witness attesting facts that would commence an action against Alleged Defendants NANCY D. BERRYMAN, Et al." [sic] *Motion* [#73] at 2. Defendant Berryman further argues that "[t]he Sham Pleading contain[s] no allegations within its four corners which could be construed to be admissible evidence in an action, pursuant to the Federal Rules of Evidence." *Id.*

    Pursuant to Fed. R. Civ. P. 8(a), "[a] pleading that states a claim for relief," such as

the Complaint in this action, "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."  There is no requirement that an affidavit or other admissible evidence be included in a complaint.

Further, regarding the remaining arguments set forth in the Memorandum, the Court notes that Defendant Berryman has raised, and the Court has addressed, these arguments before in this lawsuit.  *See, e.g.*, *Recommendation* [#66] at 29-33.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#73] is **DENIED**.

Dated:  June 4, 2013