IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-02708-WYD-KLM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

NANCY D. BERRYMAN;
THE TEMPLE OF THE UNVEILED GOD;
THE OFFICE OF THE OVERSEER OF DEDICATION TO ENLIGHTENMENT; and
HER SUCCESSORS, A CORPORATION SOLE,

       Defendants.

---

## ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

---

## I.    <u>INTRODUCTION</u>

This matter is before the Court on Plaintiff's "Motion for Summary Judgment Against Nancy D. Berryman and for Default Judgment Against the Temple of the Unveiled God and the Office of the Overseer of Dedication to Enlightenment, and Her Successors, a Corporation Sole, and for Sanctions Pursuant to FRCP 37", which was filed on October 15, 2012 (the "Motion").  (ECF No. 52).  The Motion was referred to Magistrate Judge Mix for a Recommendation by Order of Reference.  Magistrate Judge Mix issued a Recommendation on April 12, 2013, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Mix recommends therein that Plaintiff's Motion be granted in part and denied in part.  (Recommendation at 2).

II.    BACKGROUND

On October 18, 2011, Plaintiff United States of America brought this civil action

against the Defendants to reduce federal income tax assessments to judgment and to

foreclose federal tax liens on real property and water rights.  Plaintiff asserts proper

jurisdiction by this Court pursuant to 28 U.S.C. §§ 1331, 1340, and 1345 and to 26

U.S.C. §§ 7402 and 7403.  Plaintiff states that venue is proper pursuant to 28 U.S.C.

§§ 1391 and 1396 on the basis that the real property at issue is located within this

District.  The real property that is the subject of this action ("Subject Property") is

referred to as Parcel A and Parcel B.  Parcel A is vacant land located in Larimer County,

Colorado, and Parcel B is commonly referred to as 3295 Tunnel Road, Estes Park, CO

80517.

In the pending motion, Plaintiff requests: (1) that default judgment be entered

against Defendants Temple of the Unveiled God ("Temple") and Defendant Office of the

Overseer of Dedication to Enlightenment ("Overseer"), finding that they have no interest

in the Subject Property, and that Defendant Berryman is the true beneficial owner of the

property; (2) that summary judgment be entered against Defendant Berryman, finding

that she is indebted to the United States for federal income tax liabilities for the tax

years at issue and that the United States has valid and subsisting federal tax liens

which attach to all property and rights to property of Defendant Berryman, including her

interest in the Subject Property; (3) that the United States' tax liens encumbering the

Subject Property be foreclosed and the Court enter an Order of Foreclosure and Decree

of Sale setting forth the terms and conditions of the sale; and (4) that, should Defendant

Berryman attempt to oppose these claims by introducing previously undisclosed evidence or testimony, the Court order sanctions against Defendant Berryman prohibiting her from introducing such evidence or testimony.  (Recommendation at 2-3).

I note that in a prior Order dated August 8, 2012 (ECF No. 43), I affirmed Magistrate Judge Mix's ruling that Defendant Berryman may only represent herself in this proceeding, and may not represent Defendants Temple and Overseer.  I further ordered that both Defendants Temple and Overseer are separate entities that require an attorney to represent their interests in this action.  "While Defendant Berryman may be the corporation sole representative, the interests of a corporation and its principal frequently overlap but are not identical in all respects.  Thus, requiring separate counsel for a corporation works as an independent safeguard of its interests."  (ECF No. 43, Order at 4-5) (internal citations omitted).

Neither Defendant Temple nor Overseer has appeared or filed a responsive pleading in this matter, despite having been served with process.  Defendant Overseer was served on November 12, 2011, and its answer was due on December 5, 2011.  Defendant Temple was served on November 27, 2011, and its answer was due on December 19, 2011.  The Clerk of Court entered default pursuant to Fed. R. Civ. P. 55(a) against Defendant Overseer on January 10, 2012, and against Defendant Temple on September 20, 2012.  To date, no answer or other response has been filed by counsel on behalf of Defendant Temple or Overseer.  (Recommendation at 3-4).

III.   RECOMMENDATION

Magistrate Judge Mix advised the parties that they had fourteen (14) days to serve and file written, specific objections to the Recommendation.  (Recommendation at 44).  Neither Defendant Temple nor Defendant Overseer filed an objection to the portion of the Recommendation granting the Motion for Default Judgment.  However, both Defendant Berryman and Plaintiff filed timely objections to the portion of the Recommendation granting in part and denying in part the Motion for Summary Judgment, which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

A.   Plaintiff's Motion for Default Judgment Against Defendants Temple and Overseer Pursuant to Fed. R. Civ. P. 55

As stated earlier, after a thorough analysis, Magistrate Judge Mix recommends that Plaintiff's Motion for Default Judgment against Defendants Temple and Overseer be granted.  (Recommendation at 20).  Despite Magistrate Judge Mix's advisement that written objections were due within fourteen (14) days after service of a copy of the Recommendation, no objections were filed to this portion of the Recommendation by Plaintiff, Defendant Temple or Defendant Overseer.  No objections having been filed, I am vested with discretion to review the Recommendation under any standard [I] deem[] appropriate.  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions,

under a de novo or any other standard, when neither party objects to those findings").

Nonetheless, though not required to do so, I review the Recommendation to "satisfy

[my]self that there is no clear error on the face of the record."[1]   *See* Fed. R. Civ. P.

72(b) Advisory Committee Notes.

Having reviewed this portion of the Recommendation, I am satisfied that there is

no clear error on the face of the record.  I find that Magistrate Judge Mix's

Recommendation is detailed, well reasoned and sound.  I agree with Magistrate Judge

Mix that the Plaintiff has sufficiently asserted that Defendants Temple and Overseer are

nominees of Defendant Berryman.  Thus, I find that Plaintiff's request for a default

judgment against Defendants Temple and Overseer should be granted as they have no

interest in the Subject Property.

B.     Plaintiff's Motion for Summary Judgment Against Defendant Berryman

Plaintiff moves for summary judgment in its favor, asking the Court (1) to reduce

to judgment federal tax assessments against Defendant Berryman for tax years 1997

and 1999-2006, and (2) to foreclose those tax liens against the Subject Property.

Magistrate Judge Mix correctly noted that because the United States is the Plaintiff in

this suit, it has the ultimate burden of demonstrating that foreclosure is appropriate.

Accordingly, Plaintiff must establish that (1) it has a valid federal tax lien, and (2) that

the taxpayer has an interest in the property that the lien seeks to foreclose.  Plaintiff

contends that it has a valid federal tax lien because it has conclusively established tax

---

[1] Note, this standard of review is something less than a "clearly erroneous or
contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de
novo* review, Fed. R. Civ. P. 72(b).

liabilities with presumptively valid tax assessments.  Plaintiff next argues that it is

entitled to foreclose its tax liens against the Subject Property at issue in this suit

because Defendant Berryman is the true beneficial owner of the Subject Property.

(Recommendation at 27).

In her Recommendation, Magistrate Judge Mix made the following findings of

fact relevant to the pending Motion for Summary Judgment.  Based on Plaintiff's

exhibits and Defendant Berryman's testimony at her deposition, Defendant Berryman

received income for each of the tax years at issue that she failed to report to the Internal

Revenue Service ("IRS").  (Recommendation at 23).  Magistrate Judge Mix found that

"Defendant Berryman received over $300,000 in capital gains from the sale or

exchange of assets, over $140,000 in distributions from her IRA retirement accounts,

and other income from sources such as Social Security, dividends, and interest income,

all of which she failed to report to the IRS."  (Recommendation at 24).  In subsequent

years, "Defendant Berryman again received interest, dividends, and IRA distributions,

amounting to nearly $120,000 unreported income in 1999, over $98,000 unreported

income in 2000, and over $33,000 unreported income in 2001."  (Recommendation at

24).  In 2006, Defendant Berryman received $4,875 in income from Teachers Insurance

and Annuity Association – College Retirement Equities Fund ("TIAA-CREF"), in addition

to over $50,000 in other income.  TIAA-CREF, however, withheld $975 in federal taxes

from this $4,875, and Defendant Berryman subsequently filed a Form 1040 with the

IRS, claiming that this $975 in withheld taxes was her only income and demanding a

refund of $975 from the IRS.  (Recommendation at 24).  Magistrate Judge Mix found

that Defendant Berryman received notices of her alleged tax liability and demands for payment.  (Recommendation at 24).

As to the Subject Property, Magistrate Judge Mix found that Defendant Berryman purchased the Subject Property with her own funds.  On October 3, 2002, Defendant Berryman incorporated Defendant Temple in the State of Utah.  Defendant Berryman is the sole director, officer, rector, overseer, and/or member of Defendant Temple.  On July 10, 2009, Defendant Berryman incorporated Defendant Overseer in the State of Nevada.  Defendant Berryman is also the sole director, officer, rector, overseer, and/or member of Defendant Overseer.  (Recommendation at 24-25).

On April 29, 2003, Defendant Berryman transferred the Subject Property to Defendant Temple via two quitclaim deeds that were recorded in the Larimer County Recorder's Office on May 7, 2003.  Plaintiff alleges, and Defendants fail to contest, that Defendant Temple paid no consideration for this transfer.  On July 8, 2009, Defendant Berryman, as sole director of Defendant Temple, purportedly transferred the Subject Property from Defendant Temple to Defendant Overseer via a "Grant, Bargain, and Sale Deed."  Magistrate Judge Mix noted that this occurred two days prior to Defendant Overseer's incorporation on July 10, 2009.  The Grant, Bargain, and Sale Deed was recorded in the Larimer County Recorder's Office on July 9, 2009.  The Grant, Bargain, and Sale Deed lists ten dollars as the consideration, but there is no evidence that Defendant Overseer paid this consideration for the purported transfer. (Recommendation at 25-26).

Magistrate Judge Mix further found that Defendant Berryman has not denied that

Defendant Overseer paid no consideration for this transfer.   Rather, she denies

Plaintiff's request that she admit that Defendant Overseer paid no consideration for this

transfer solely on the basis that she does not recognize the entity "Temple" as defined

by the United States.  Defendant Berryman also refused during her deposition to

answer almost all questions relating to Defendants Temple and Overseer, including

questions regarding whether Defendant Temple paid any consideration for this

transfer.  (Recommendation at 26).

Magistrate Judge Mix also noted that notwithstanding these purported transfers,

Defendant Berryman admits that she has full use, enjoyment, and control over the

Subject Property, without any interference from Defendant Temple or Overseer.  It is

uncontested that Defendant Berryman resides at the Subject Property without paying

rent, directly pays for certain expenses for the Subject Property, such as the

homeowner's insurance for the Subject Property.  Defendant Berryman also admits to

paying the other expenses for the Subject Property by giving money to Defendant

Overseer and as sole officer of Defendant Overseer, paying the expenses using this

money.  (Recommendation at 26-27).

> 1.   <u>Standard of Review</u>

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may

grant summary judgment where "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and the . . . moving party is entitled to judgment as a matter

of law."  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250

(1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

"[The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323.

2.   Valid Tax Lien

Pursuant to 26 U.S.C. § 6321, a tax lien arises when (1) the taxpayer is found to be liable to pay any tax; (2) a demand has been made for such payment; and (3) the taxpayer has refused to pay. Here, Magistrate Judge Mix concluded that Defendant Berryman received demands for the tax liability in question. She further found that it is

undisputed that Defendant Berryman has not paid the requested tax liability. (Recommendation at 28).

Magistrate Judge Mix next addressed the issue of Defendant Berryman's liability. She found that Plaintiff submitted the Forms 4340 for all of the relevant tax years. (Recommendation at 28). Magistrate Judge Mix correctly noted that "[b]ecause these assessments are given a presumption of correctness, the burden now shifts to Defendants to submit admissible evidence to rebut that presumption." (Recommendation at 28-29). However, instead of disputing the arguments or setting forth additional facts, Defendant Berryman merely asserted standard tax protestor arguments that the Court has previously rejected and that the IRS has deemed "frivolous." (Recommendation at 29). In a detailed and well-supported legal analysis, Magistrate Judge Mix rejected each tax protestor argument posited by Defendant Berryman. (Recommendation at 29-33). Accordingly, based on Defendant Berryman's failure to offer any evidence refuting the accuracy of the tax assessments, Magistrate Judge Mix concluded that Defendant Berryman is liable to Plaintiff for unpaid taxes in the years 1997, 1999, 2000, 2001, 2002, 2003, 2004, 2005, and 2006. (Recommendation at 33).

3.   True Beneficial Owner

Magistrate Judge Mix next found that pursuant to the Internal Revenue Code, the IRS may satisfy a tax deficiency by imposing a lien on any "property" or "rights to property" belonging to the taxpayer. (Recommendation at 34). Accordingly, since Default judgment has been granted against Defendants Temple and Overseer,

holding that neither has a valid interest in the Subject Property, Magistrate Judge Mix concluded that Defendant Overseer holds the Subject Property as a nominee corporation of Defendant Berryman rather than as a valid corporation sole, making Defendant Berryman the true beneficial owner. "Therefore, the Subject Property transferred to Defendant Overseer remains subject to the collection of Defendant Berryman's tax liability." (Recommendation at 34).   Thus, Magistrate Judge Mix found that the United States has the authority to encumber the Subject Property with a valid tax lien. (Recommendation at 34-35).

### 4.   Amount of Tax Liability

Finally, Magistrate Judge Mix addressed the disputed issue of the amount of money Defendant Berryman owes the IRS.  Magistrate Judge Mix explained that while Plaintiff contends that Defendant Berryman's outstanding tax liability was $601,437.27 as of October 15, 2012, she is unable to conclude that Plaintiff has presented sufficient factual allegations as to the precise amount of Defendant Berryman's tax liability. (Recommendation at 35).  "Defendant Berryman has refused to provide documents or testimony from which her income may be determined, yet argues that the tax liability assessed against her is incorrect."  (Recommendation at 35).

While a defendant's failure to testify regarding the tax liabilities at issue typically allows the court to draw the negative inference that the testimony would have supported the plaintiff's position, Magistrate Judge Mix was unable to assure herself that the outstanding balance claimed in Plaintiff's Motion is clear on the face of the Forms 4340. Magistrate Judge Mix went on to detail her close analysis of the Forms 4340 presented

by Plaintiff, and noted the nearly nine thousand dollar discrepancy between the "Assessed Total" figure from the year 1997 and the "Balance" figure of the corresponding Form 4340.  After her careful review, Magistrate Judge Mix was unable to determine from the IRS's declaration, the INTSTD calculations, or the face of the Form 4340 the reason for this discrepancy.  (Recommendation at 38).  "Similarly, the 'Balance' figure from the Form 4340 for the year 2000 indicates an Assessed Total of $9,617.12.  However, the 'Assessed Total' entered into the INTSTD computer program for that year was -9,059.28, a figure the Court has been unable to explain from the face of the year 2000 assessment."  (Recommendation at 38).

Without knowing that these figures were accurately and directly drawn from the presumptively valid assessment figures found in the Forms 4340, Magistrate Judge Mix was hesitant "to presume that the INTSTD Calculations of Liability are alone sufficient to determine the proper amount of liability.  The Court declines to speculate as to the legitimacy of such a high figure without confidence that the liability is correct on the face of valid tax assessments."  (Recommendation at 38-39).  Thus, Magistrate Judge Mix "will permit Plaintiff to submit another dispositive motion for determination of the total amount of liability in light of these concerns for accuracy on the face of a valid assessment."  (Recommendation at 39).

Accordingly, Magistrate Judge Mix recommends that Plaintiff's request for summary judgment finding valid and accurate tax liability be granted in part, for tax year 1999 in the amount of $77,765.47, for tax year 2001 in the amount of $7,264.97, for tax year 2002 in the amount of $19,123.86, for tax year 2003 in the amount of $14,304.81,

for tax year 2004 in the amount of $15,611.59, for tax year 2005 in the amount of

$14,086.97, and for tax year 2006 in the amount of $13,561.77.  She also recommends

that Plaintiff's request for summary judgment with respect to the tax years 1997 and

2000 be denied without prejudice.  However, Magistrate Judge Mix will permit Plaintiff to

submit another dispositive motion for determination of the total amount of liability for

1997 and 2000 in light of these concerns for accuracy on the face of a valid

assessment.  (Recommendation at 39-40).

IV.    OBJECTIONS

On April 23, 2013, Defendant Berryman filed timely objections to Magistrate

Judge Mix's Recommendation.  As a preliminary matter, I point out that it was difficult to

determine the nature of Defendant Berryman's specific objections to Magistrate Judge

Mix's Recommendation.  The party filing objections must specifically identify those

findings or recommendations to which the objections are being made.  The District

Court need not consider frivolous, conclusive or general objections.  Further, at least

one court has stated that arguments not provided to the attention of the magistrate

judge will not be considered in connection with review of nondispositive motions.

*Claytor v. Computer Associates Intern., Inc.*, 211 F.R.D. 665, 667 (D. Kan. 2003).  "The

court reiterates that this is not a de novo review permitting a 'second shot' based on

new arguments."  *Id.* (citing *City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300, 302

(D. Kan. 2000)).

Here, Defendant Berryman's objections consist of numerous conclusory (often

unintelligible) statements without any supporting argument or evidence.  Defendant

Berryman spends considerable time reiterating her assertions that she is not a "United States person" under the federal tax laws, the IRS is a debt collection agency, and the tax powers of the federal government are confined to the District of Columbia. Defendant Berryman goes on to assert that the IRS has no valid contract enforceable against her.  As Magistrate Judge Mix noted, these typical tax protestor arguments have been rejected as meritless and frivolous by many courts including the Tenth Circuit. *See Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).  "[C]ourts . . . are not required to expend judicial resources endlessly entertaining repetitive arguments." *Id.*  Accordingly, I summarily overrule all of Defendant Berryman's objections as they entirely relate to tax protestor arguments that have already been rejected by a multitude of courts.

On April 26, 2013, Plaintiff filed a timely objection to Magistrate Judge Mix's "failure to recommend judgement for the tax years 1997 and 2000, and the failure to recommend an order of foreclosure, as there are no material facts in dispute." (Pl's. Objection at 2).  Plaintiff argues that Magistrate Judge Mix erred when she determined that the United States cannot be granted summary judgment for the tax years 1997 and 2000 because the "Balance" line on the Form 4340s for the tax years 1997 and 2000 did not match the amounts in the "Assessed Total" line on the INTSTD.  Plaintiff contends that the assessment is correct when it submits Form 4340s.

The Plaintiff goes on to explain that "the INTSTD calculations do not contradict the information of the Form 4340s.  Rather, they provide an updated balance due that includes any activity on Defendant Berryman's account after the date that the Form

4340 was generated."  (Pl's. Objection at 4).  Plaintiff further states that a "Form 4340

only reflects payments, and assessed taxes, penalties, and interest as of the date it was

generated.  It does not include accrued but unassessed penalties or interest.  An

INTSTD, tracks accrued tax, interest and penalties and provides up-to-date calculations

for balances owed.  The amounts on the INTSTD submitted with the United States'

Motion for Summary Judgement are current though October 1, 2012."  (Objection at 4).

After carefully reviewing Plaintiff's evidence with respect to the amount of

Berryman's tax liability, I cannot conclude that Magistrate Judge Mix erred in finding that

there are contradictions and inconsistencies with the calculations for tax years 1997 and

2000.  As Magistrate Judge Mix correctly noted, "in ruling on motions for summary

judgment, all inferences are generally drawn in favor of the non-movant."

(Recommendation at 22).  "Therefore, where there is any doubt that Plaintiff has clearly

met its summary judgment burden, the Court hesitates to draw an adverse inference

against one who refuses to provide information at the summary judgment stage."

(Recommendation at 22).  Thus, given that there is a genuine issue of material fact as

to the amount Defendant Berryman owes the IRS for tax years 1997 and 2000, I find

Magistrate Judge Mix's Recommendation that summary judgment be denied without

prejudice to be proper and just.  I agree that Plaintiff failed to present a clear, accurate

calculation as to the precise amount of Defendant Berryman's tax liability for tax years

1997 and 2000.  I further affirm Magistrate Judge Mix's Recommendation permitting

Plaintiff to "submit another dispositive motion for determination of the total amount of

liability for 1997 and 2000 in light of these concerns for accuracy on the face of a valid

assessment." (Recommendation at 40).

 V.   <u>CONCLUSION</u>

After carefully reviewing Magistrate Judge Mix's Recommendation and the

parties' objections, I agree with Magistrate Judge Mix that Plaintiff's Motion for

Summary Judgment should be granted in part and denied in part for the reasons stated

in both the Recommendation and this Order.  Magistrate Judge Mix's Recommendation

is thorough, well reasoned and is adopted.  Accordingly, the objections are overruled.

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Mix

(ECF No. 66) is **AFFIRMED AND ADOPTED**.  The Objections (ECF Nos. 67 and 68)

are **OVERRULED.**  In accordance therewith, it is

FURTHER ORDERED Plaintiff's request for default judgment against Defendants

Temple and Overseer (ECF No. 52) is **GRANTED**.  It is

FURTHER ORDERED that Plaintiff's request for summary judgment (ECF No.

52) is **GRANTED** regarding Defendant Berryman's tax liability for the tax years 1999,

2001, 2002, 2003, 2004, 2005, and 2006, in the amount of $142,595.58, plus other

statutory additions from October 1, 2012, in accordance with 28 U.S.C. § 1961(c)(1) and

26 U.S.C. § 6621, until judgment is paid in full.  It is

FURTHER ORDERED that Plaintiff's Motion (ECF No. 52) is **GRANTED** with

respect to Defendant Berryman's liability for tax years 1997 and 2000 but **DENIED**

**WITHOUT PREJUDICE** with respect to the validity of the requested amount of tax

liability for the tax years 1997 and 2000.  It is

FURTHER ORDERED that the Motion (ECF No. 52) is **DENIED** with respect to

Plaintiff's request for Rule 37 sanctions.  It is

FURTHER ORDERED that within 21 days of the date of this Order, Plaintiff shall

file either: (1) a motion for summary judgment regarding the amount of Defendant

Berryman's liability for the years 1997 and 2000, or (2) a motion to set Final Pretrial

Conference regarding Defendant Berryman's tax liabilities for the years 1997 and 2000.

Dated:  September 27, 2013

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge