IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02708-WYD-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NANCY D. BERRYMAN,
THE TEMPLE OF THE UNVEILED GOD, and
THE OFFICE OF THE OVERSEER OF DEDICATION TO ENLIGHTENMENT, and her successors, a corporation sole,

    Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Renewed Motion for Summary Judgment Against Nancy D. Berryman** [#85][1] (the "Motion"). Defendant Nancy D. Berryman ("Berryman"), who proceeds in this matter as a pro se litigant,[2] filed a Response [#95] in opposition to the Motion. Plaintiff did not file a Reply. Pursuant to 28 U.S.C. §

---

[1] "[#85]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). This convention is used throughout the Recommendation.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

636(b) and D.C.COLO.LCivR 72.1.C., the Motion has been referred to this Court for recommendation [#86]. Having considered the briefs and the entire docket in this case, the Court is fully advised of the issues. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#85] be **GRANTED in part and DENIED in part**.

## I. Background[3]

Plaintiff initiated this lawsuit on October 18, 2011. *Compl.* [#1] ¶ 1. The case arises from federal tax liens imposed against Defendant Berryman for her unpaid federal income tax liabilities for 1997, 1999, 2000, 2001, 2002, 2003, 2004, 2005, and 2006 ("tax years at issue"). *See id.* at 4-6. The purpose of this action is to reduce the federal tax assessments for these years to judgment and to foreclose the federal tax liens on real property and water rights presumably owned by Defendant Berryman ("Subject Property").[4] *See id.* Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1340, and 1345, and to 26 U.S.C. §§ 7402 and 7403. *Id.* ¶ 3. Plaintiff premises venue on 28 U.S.C. §§ 1391 and 1396, on the bases that the real property at issue is located within this District and that the tax liability giving rise to the foreclosure accrued in this District. *Id.* ¶ 4. Plaintiff asserts that the Internal Revenue Service ("IRS") timely and properly made assessments for unpaid federal income taxes and related penalties and interest against Defendant Berryman for

---

[3] To the extent necessary for determining the outcome of the present Motion [#85], the Court hereby adopts and incorporates the facts, law, and findings of its Recommendation [#66] and the Senior Judge's Order [#77] adopting the Recommendation.

[4] Two parcels of property are located at 3295 Tunnel Road, Estes Park, Colorado 80517, and are legally described in paragraph 8 of the Complaint [#1] in this case. Parcel B is commonly referred to as 3295 Tunnel Road, Estes Park, CO 80517, and Parcel A is adjacent vacant land. *Id.* ¶ 9. As the two parcels were bought and transferred together, the Court hereafter refers to them, along with their associated water rights, as the "Subject Property."

the tax years at issue. There is no dispute that Defendant Berryman received notices of her alleged tax liability and demands for payment. *Exs. 18-23, Notices of Federal Tax Lien* [#52-19, -20, -21, -22, -23, -24].

On October 15, 2012, Plaintiff filed its first Motion for Summary Judgment Against Nancy D. Berryman and for Default Judgment Against Temple of the Unknown God and Office of the Overseer [#52]. On April 12, 2013, the Court issued a Recommendation [#66], which was later adopted in full by Order [#77] of the Senior Judge. As a result, default judgment was entered against Defendants Temple and Overseer, and Plaintiff's request for summary judgment was granted regarding Defendant Berryman's tax liability for the tax years 1999, 2001, 2002, 2003, 2004, 2005, and 2006 in the amount of $142,595.58, plus other statutory additions from October 1, 2012, in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. § 6621, until judgment is paid in full. *Order* [#77] at 16. Finally, as relevant to the present Motion [#85], the first Motion for Summary Judgment was further granted with respect to Defendant Berryman's liability for tax years 1997 and 2000 but denied without prejudice regarding the validity of the requested amount of tax liability for those years. *Id.* Plaintiff was then provided with the opportunity to file a renewed motion for summary judgment regarding the amount of Defendant Berryman's liability for the years 1997 and 2000. Plaintiff did so on November 21, 2013 by filing the present Motion [#85].

Thus, the sole remaining issues in this lawsuit are the precise amount of Defendant Berryman's liability for the tax years 1997 and 2000. *See Order* [#77] at 17; *Motion* [#85] at 2. Plaintiff also seeks an order of foreclosure on the Subject Property once the amount of tax liability has been established. *Motion* [#85] at 6-7.

## II.  Standard of Review

Summary judgment is proper when the record "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A dispute is "genuine" if the outcome could be decided in favor of either party.  *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it could reasonably affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where the movant bears the ultimate burden of proof at trial, it must submit evidence to establish every element of its claims.  *In re Ribozyme Pharm. Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002).  Once the Motion has been properly supported, the burden shifts to the non-movant to show the existence of a genuine dispute of a material issue by going beyond the allegations in its pleading and providing "specific facts showing there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  To satisfy its burden of providing specific facts, the nonmoving party must tender affidavits or other competent evidence.  *Concrete Works, Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).  The factual record and inferences therefrom are viewed in the light most favorable to the nonmoving party.  *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998).  However, the Court is not obligated to consider conclusory statements or testimony based on conjecture, subjective belief, or inadmissible evidence.  *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir. 1999).

## III.  Analysis

**A.    Amount of Tax Liability**

### 1. Tax Year 2000

Plaintiff concedes at the outset that Defendant Berryman no longer has any outstanding liability with respect to the assessments made against her for tax year 2000. *Motion* [#85] at 2. As proof, Plaintiff provides the Form 4340 for the tax year 2000, dated November 7, 2013, which shows a balance of $0. *Ex. 4 to Miller Decl.* [#85-2] at 41-52. This Form 4340 indicates that Defendant Berryman's liability was paid in full not long after the instigation of this lawsuit on October 18, 2011. *Id.* at 49-50. Plaintiff notes that Defendant Berryman thereafter accrued a credit for this tax year, but the credit has since been applied to the 1997 tax year, which had, and still has, an outstanding balance due. *Motion* [#85] at 6. The liability (and subsequent accrual of credit) was paid through a monthly levy of Defendant Berryman's monetary assets. This levy is not and has never been an issue in this lawsuit, which seeks only to determine the amount of Defendant Berryman's remaining tax liability and to foreclose on the Subject Property to fulfill that liability. Thus, the uncontradicted evidence demonstrates that there is no balance due for tax year 2000. Accordingly, the Court **recommends** that Plaintiff's request for summary judgment be **denied** for tax year 2000.

### 2. Tax Year 1997

Plaintiff contends that Defendant Berryman owes $395,136.63 in back taxes, accrued interest, and accrued failure-to-pay penalties for tax year 1997. *Motion* [#85] at 5. The Court has carefully reviewed the parties' motions and evidence presented, and has considered them in light of the applicable law. *See also Recommendation* [#66] at 35-37

(discussing the law regarding tax assessments). Plaintiff has provided a Form 4340 for the tax year 1997. *See Ex. 2 to Miller Decl.* [#85-2] at 16-32. Accordingly, the government's assessment of Defendant Berryman's tax liability for 1997 is entitled to a presumption of correctness. *See United States v. McMullin*, 948 F.2d 1188, 1192 (10th Cir. 1991) (holding that a presumption of correctness attaches to the Commissioner's assessment, once some substantive evidence is introduced demonstrating that the taxpayer received unreported income). Upon a close analysis of the Form 4340 presented by Plaintiff for tax year 1997, the INTSTD program evidence presented by Plaintiff, and the figures cited in Plaintiff's Motion, the Court is able to assure itself that the outstanding balance claimed in Plaintiff's Motion is clear on the face of the Form 4340. *Motion* [#85] at 5; *Exs. 1-3 to Miller Decl.* [#85-2] at 1-40.

There is no admissible evidence to refute Plaintiff's presentation of the facts establishing that Defendant Berryman owes the federal government $395,136.63 as of December 2, 2013. In her Response [#95], Defendant Berryman offers only frivolous arguments and conclusory claims in an attempt to satisfy her burden as the nonmoving party and does not sufficiently provide "specific facts showing there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. None of her arguments concern the amount of her liability. Rather, they concern primarily whether she is liable at all, an issue which the Court has already determined. *See Recommendation* [#66]; *Order* [#77]. Further, the arguments raised have already been thoroughly examined and rejected in prior rulings. *See, e.g.*, *Recommendation* [#40] at 6-9; *Recommendation* [#66] at 29-33. The Court will not repeatedly revisit these rulings simply because Defendant Berryman appears to disagree

with them. Accordingly, Defendant Berryman's arguments provide no basis for denial of summary judgment.

Plaintiff has met its burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law concerning the amount of Defendant Berryman's liability for tax year 1997. Because Plaintiff has met its burden as the party with the ultimate burden of proof at trial, and because Defendant Berryman has failed to demonstrate that there are any genuine factual issues for trial, summary judgment should be entered in Plaintiff's favor. Accordingly, the Court **recommends** that Plaintiff's request for summary judgment be **granted** for tax year 1997 in the amount of $395,136.63 as of December 2, 2013, plus other statutory additions from December 2, 2013, in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. § 6621, until judgment is paid in full.

**B.     Foreclosure of Subject Property**

A lien arises in favor of the United States and attaches to all property and rights to property of the taxpayer on the date of an assessment against the taxpayer. 26 U.S.C. §§ 6321, 6322. The Court has already determined that outstanding assessments for unpaid federal individual income tax, statutory penalties, and interest have been properly made against Defendant Berryman for the tax years 1997, 1999, 2001, 2002, 2003, 2004, 2005, and 2006. *See also Order* [#77] at 16. Thus, liens have arisen in favor of the United States and attached to all property and rights to property of Defendant Berryman. Plaintiff recorded Notices of Federal Tax Liens against Defendant Berryman and against Defendant Overseer as the nominee/alter ego of Defendant Berryman in the County Recorder's Office

of Larimer County, Colorado for the above-listed tax years. *See Motion* [#85] at 7. The Court previously determined that "as a matter of law, Defendant Overseer holds the Subject Property as a nominee corporation of Defendant Berryman rather than as a valid corporation sole, and Defendant Berryman is the true beneficial owner." *Recommendation* [#66] at 34. Accordingly, the Court **recommends** that the Motion be **granted** to the extent that Plaintiff seeks an order of foreclosure on the Subject Property pursuant to 26 U.S.C. § 7403(c).

## IV. Conclusion

For the reasons stated above, the Court respectfully **RECOMMENDS** that Plaintiff's Motion [#85] be **GRANTED in part and DENIED in part**, as follows.

The Court **recommends** that the Motion be **denied** for tax year 2000.

The Court further **recommends** that the Motion be **granted** for tax year 1997 and that judgment be entered in favor of Plaintiff and against Defendant Berryman in the amount of $395,136.63 as of December 2, 2013, plus other statutory additions from December 2, 2013, in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. § 6621, until judgment is paid in full.

The Court further **recommends** that the Motion be **granted** and that an Order of Foreclosure and Decree of Sale of the Subject Property be entered in favor of Plaintiff.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 10, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge