IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-02708-WYD-KLM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

NANCY D. BERRYMAN;
THE TEMPLE OF THE UNVEILED GOD;
THE OFFICE OF THE OVERSEER OF DEDICATION TO ENLIGHTENMENT; and
her successors, a corporation sole,

      Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

I.     INTRODUCTION AND BACKGROUND

      This matter is before the Court on Plaintiff's Renewed Motion for Summary Judgment Against Nancy D. Berryman (the "Motion").  (ECF No. 85).  The Motion was referred to Magistrate Judge Mix for a Recommendation by Order of Reference. Magistrate Judge Mix issued a Recommendation on March 10, 2014, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Mix recommends therein that Plaintiff's Motion be granted in part and denied in part.  (Recommendation at 8).

      On October 18, 2011, Plaintiff United States of America brought this civil action against the Defendants to reduce federal income tax assessments to judgment and to foreclose federal tax liens on real property and water rights.  Plaintiff asserts proper

jurisdiction by this Court pursuant to 28 U.S.C. §§ 1331, 1340, and 1345 and to 26 U.S.C. §§ 7402 and 7403.  Plaintiff states that venue is proper pursuant to 28 U.S.C. §§ 1391 and 1396 on the basis that the real property at issue is located within this District.  The real property that is the subject of this action ("Subject Property") is referred to as Parcel A and Parcel B.  Parcel A is vacant land located in Larimer County, Colorado, and Parcel B is commonly referred to as 3295 Tunnel Road, Estes Park, CO 80517.

On October 15, 2012, Plaintiff filed its initial motion for summary judgment, which was granted by a recommendation and later affirmed by Order of the Court.  (ECF Nos. 66 and 77).  Consequently, "default judgment was entered against Defendants Temple and Overseer, and Plaintiff's request for summary judgment was granted regarding Defendant Berryman's tax liability for the tax years 1999, 2001, 2002, 2003, 2004, 2005, and 2006 in the amount of $142,595.58, plus other statutory additions from October 1, 2012, in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. § 6621, until judgment is paid in full."  (Recommendation at 3).  Additionally, the initial motion for summary judgment was "granted with respect to Defendant Berryman's liability for tax years 1997 and 2000 but denied without prejudice regarding the validity of the requested amount of tax liability for those years."  (Recommendation at 3).  "Plaintiff was then provided with the opportunity to file a renewed motion for summary judgment regarding the amount of Defendant Berryman's liability for the years 1997 and 2000.  Plaintiff did so on November 21, 2013 by filing the present Motion."  (Recommendation at 3).

Thus, the final issue pending before the Court is "the precise amount of

Defendant Berryman's liability for the tax years 1997 and 2000.  Plaintiff also seeks an order of foreclosure on the Subject Property once the amount of tax liability has been established."  (Recommendation at 3) (internal citations omitted).

II.   RECOMMENDATION

   A.   Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'"  *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  All doubts must be resolved in favor of the existence of triable issues of fact.  *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

"[The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "In such a situation, there can be 'no genuine issue as to any

material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323.

    B.    <u>Amount of Tax Liability</u>

        1.    <u>Tax Year 2000</u>

In the pending Motion, Plaintiff first concedes that Defendant Berryman no longer has any outstanding liability with respect to the assessments made against her for tax year 2000. Thus, Magistrate Judge Mix recommends that Plaintiff's request for summary judgment be denied for tax year 2000.

        2.    <u>Tax Year 1997</u>

Second, Plaintiff contends that Defendant Berryman owes $395,136.63 in back taxes, accrued interest, and accrued failure-to-pay penalties for tax year 1997. Following her careful review of the parties' filings and admissible evidence, Magistrate Judge Mix determined that the government's assessment of Defendant Berryman's tax liability for 1997 is entitled to a presumption of correctness." (Recommendation at 6). She further noted that "[u]pon a close analysis of the Form 4340 presented by Plaintiff for tax year 1997, the INTSTD program evidence presented by Plaintiff, and the figures cited in Plaintiff's Motion, the Court is able to assure itself that the outstanding balance claimed in Plaintiff's Motion is clear on the face of the Form 4340." (Recommendation at 6). Magistrate Judge Mix went on to reject Defendant Berryman's arguments in

opposition finding them frivolous and conclusory.  Magistrate Judge Mix noted that none of Defendant Berryman's arguments concern the amount of her liability.  Rather, they primarily concern whether she is liable at all, an issue which the Court has already examined and rejected.  (Recommendation at 6-7).

After carefully weighing the admissible evidence, Magistrate Judge Mix concluded that the Motion for summary judgment should be granted for tax year 1997 because Plaintiff satisfied "its burden of showing that no genuine issue of material facts exist and that it is entitled to judgment as a matter of law concerning the amount of Defendant Berryman's tax liability for tax year 1997." (Recommendation at 7).  Accordingly, Magistrate Judge Mix "recommends that Plaintiff's request for summary judgment be granted for tax year 1997 in the amount of $395,136.63 as of December 2, 2013, plus other statutory additions from December 2, 2013, in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. § 6621, until judgment is paid in full." (Recommendation at 8).  Magistrate Judge Mix further recommends that the Motion be granted to the extent that "Plaintiff seeks an order of foreclosure on the Subject Property pursuant to 26 U.S.C. § 7403(c)." (Recommendation at 7-8).

Magistrate Judge Mix advised the parties that they had fourteen (14) days to serve and file written, specific objections to the Recommendation.  (Recommendation at 44).  Defendant Berryman filed timely objections to the Recommendation granting in part and denying in part the pending Motion, which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  Fed. R. Civ. P. 72(b); 28

U.S.C. § 636(b)(1).

III.     OBJECTIONS

On March 28, 2014, Defendant Berryman filed timely objections to Magistrate Judge Mix's Recommendation.  As a preliminary matter, I point out that it was difficult to determine the nature of Defendant Berryman's specific objections to Magistrate Judge Mix's Recommendation.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  Further, at least one court has stated that arguments not provided to the attention of the magistrate judge will not be considered in connection with review of nondispositive motions.[1] *Claytor v. Computer Associates Intern., Inc.*, 211 F.R.D. 665, 667 (D. Kan. 2003).  "The court reiterates that this is not a de novo review permitting a 'second shot' based on new arguments."  *Id.* (citing *City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300, 302 (D. Kan. 2000)).

Here, Defendant Berryman's objections consist of numerous conclusory (often unintelligible) statements without any supporting argument or evidence.  Defendant Berryman spends considerable time reiterating her assertions that Plaintiff's tax assessments are invalid due to "irregularities and fraudulent entries in the Individual Master Files of the IRS."  (Objection at 3).  As Magistrate Judge Mix noted, these

---

[1] In her objection, Defendant Berryman contends that "Plaintiff has exceeded the time limits on assessments" and inquires whether Plaintiff is "trying to collect a tax well beyond the statute of limitations?"  (Objection at 2).  Based on my review, this issue was not raised before the Magistrate Judge, and thus, I decline to address it here.

arguments have previously been rejected in this case as meritless and frivolous. Accordingly, I summarily overrule all of Defendant Berryman's objections as they relate to tax protestor arguments that have already been rejected by a multitude of courts or concern the question of Defendant Berryman's tax liability, an issue already decided in previous orders.  (ECF Nos. 66 and 77).

I find Magistrate Judge Mix's Recommendation that summary judgment be denied as to tax year 2000 and granted as to tax year 1997 to be proper and just.  I agree that Defendant Berryman has no outstanding liability for assessments made against her for tax year 2000.  I further agree that Plaintiff provided sufficient evidence to show the outstanding balance claimed for tax year 1997 is correct.   I further affirm Magistrate Judge Mix's Recommendation granting Plaintiff's request for an order of foreclosure on the Subject Property pursuant to 26 U.S.C. § 7403(c).

IV.     CONCLUSION

After carefully reviewing Magistrate Judge Mix's Recommendation and the objections, I agree with Magistrate Judge Mix that Plaintiff's Motion for Summary Judgment should be granted in part and denied in part for the reasons stated in both the Recommendation and this Order.  Magistrate Judge Mix's Recommendation is thorough, well reasoned and is adopted.  Accordingly, the objections are overruled. For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Mix (ECF No. 99) is **AFFIRMED AND ADOPTED**.  The Objection (ECF No. 101) is **OVERRULED.**  In accordance therewith, it is

FURTHER ORDERED Plaintiff's Renewed Motion for Summary Judgment Against Nancy D. Berryman (ECF No. 85) is **DENIED** as to tax year 2000.  It is **GRANTED** as to tax year 1997.  Thus, judgment shall enter in favor of Plaintiff and against Defendant Berryman in the amount of $395,136.63 as of December 2, 2013, plus other statutory additions from December 2, 2013, in accordance with 28 U.S.C. § 1961(c)(1) and 26 U.S.C. § 6621, until judgment is paid in full.  It is

FURTHER ORDERED that the Motion is **GRANTED** and that an Order of Foreclosure and Decree of Sale of the Subject Property shall be entered in favor of Plaintiff.

Dated:  May 16, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge